```
         FILED      LODGED
         RECEIVED   COPY

         JUN 17 2005

      CLERK U S DISTRICT COURT
        DISTRICT OF ARIZONA
      BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William V. Hardwick, et al., | No. CV 04-0088-PHX-NVW |
| Plaintiffs, | **ORDER** |
| vs. | |
| Complete Skycap Service, Inc., et al., | |
| Defendants. | |

Before the court are Defendant's Motion for Summary Judgment (doc. #51), Defendant's Motion to Strike Evidence Plaintiffs Failed to Disclose Under Fed. R. Civ. P. 26(a) (doc. #67), and Plaintiffs' Motion to Continue Discovery Deadlines of January 28, 2005 As Set Forth in the Case Management Order Dated September 10, 2004 (doc. #72). The court heard oral argument on these motions on June 13, 2005.

**I.  Background**

Plaintiffs are three former employees of Defendant Complete Skycap Services, Inc. ("Complete Skycap"). Plaintiffs worked as skycaps for Complete Skycap at Sky Harbor Airport from November 14, 2002 until they were terminated in 2003. On January 14, 2004, they filed their Complaint, asserting claims for retaliatory termination under the Railway Labor Act, the Fair Labor Standards Act, and the Arizona Employment Protection Act and overtime and minimum wage violations under the Fair Labor Standards Act. (Doc. #1.) On




EXHIBIT B

March 10, 2005, Complete Skycap moved for summary judgment on all claims. (Doc. #51.) After Plaintiffs filed their Response to the motion for summary judgment (doc. #55), Complete Skycap filed its motion to strike certain evidence Plaintiffs offered in support of their Response on the grounds that Plaintiff failed to disclose that evidence prior to the discovery deadline. (Doc. #67.) Plaintiffs subsequently moved to continue the already expired discovery deadline. (Doc. #72.)

## II. Motion to Continue Discovery Deadlines[1]

Plaintiffs' motion to continue the discovery deadline was filed on May 23, 2005, nearly four months after the deadline they seek to continue had passed. Plaintiffs have not shown that their failure to obtain the discovery they needed within the deadline was the result of any obstruction on the part of the Defendant, nor did they file any motions to compel discovery before the deadline expired. Nor have they demonstrated prior diligence on their part concerning the friendly witnesses they claim to have come forward only recently.

Plaintiffs contend that they should be permitted to take additional discovery related to certain "count sheets" that they learned about only after the discovery deadline expired. With great effort the court is able to discern that Plaintiffs claim the count sheets, which purport to show how much money certain Complete Skycap employees contributed to the tip pool and how much they took home, are relevant to show that Complete Skycap extorted money from those employees. To the extent the count sheets are relevant to this case, however, Plaintiffs have not demonstrated that Complete Skycap was obligated to disclose them. There is no obligation under the federal rules to automatically disclose adverse evidence. *See* Fed. R. Civ. P. 26(a)(1)(B); 8 Charles Alan Wright et al., Federal Practice & Procedure § 2053 (2d ed. Supp. 2005) ("[A]s amended Rules 26(a)(1)(A) and (B) require

---

[1] As of the June 13, 2005, oral argument, Plaintiffs' had not filed a reply to the response to this motion. The court inquired when they intended to file a reply and counsel responded that he would have to file it by Wednesday, June 15, 2005, because he was leaving town. Any suggestion that the court imposed an unwanted forty-eight hour deadline is therefore incorrect.

- 2 -

1  initial disclosure of any witness or document 'that the disclosing party may use to support its
2  claims or defenses.' This means that there is no requirement to disclose anything that the
3  disclosing party will not use, which may include much that is harmful to its case.").
4  Although Plaintiffs assert that Complete Skycap did not comply with their discovery
5  requests, (doc. #78 at 10), they do not specify which discovery requests would have required
6  production of the count sheets, nor did they file any motions to compel discovery. Moreover,
7  Plaintiffs acknowledge that they have known of the count sheets since March 12, 2005.
8  (Doc. #72 at 1.) Accordingly, their late awareness of the count sheets does not excuse their
9  delay in filing a motion to continue discovery until May 23, 2005, after briefing was
10 completed on Complete Skycap's motion for summary judgment.
11         Plaintiffs also put forth an incomprehensible argument regarding Complete Skycap's
12 failure to disclose certain third-party subpoena duces tecum which includes allegations of
13 fraudulent signatures and other conspiratorial overtones. The court is simply unable to
14 understand how any of this is at all relevant to Plaintiffs' motion.
15         To allow new evidence and discovery after the close of discovery and the completion
16 of briefing on Defendant's motion for summary judgment would substantially prejudice the
17 Defendant. Since Plaintiffs have not presented any legitimate reason why discovery could
18 not be completed within the schedule set by the court, the motion will be denied.
19 **III.    Motion to Strike**
20         Complete Skycap moved to strike Exhibits N, O, P, U, V, W, X, Y, and Z to Plaintiffs'
21 Statement of Facts in Support of Their Response to the Motion for Summary Judgment.
22 Those exhibits include affidavits from several witnesses who were not disclosed until after
23 the January 28, 2005 discovery deadline, affidavits from two witnesses which were not
24 disclosed until January 21, 2005, the last day on which depositions could be taken under the
25 court's Case Management Order (the affidavits were executed over one month before they
26 were disclosed), and several documentary exhibits which were not disclosed until after the
27 January 28, 2005 discovery deadline. Plaintiffs have never filed a Rule 26(a)(3) disclosure.
28

- 3 -

1  Rule 26(a)(1) of the Federal Rules of Civil Procedure requires all parties to disclose
2  witnesses likely to have discoverable information that they may use to support their claims
3  or defenses and all documents in their possession, custody, or control that they may use to
4  support their claims or defenses. Fed. R. Civ. P. 26(a)(1). Rule 26(a)(3) requires all parties
5  to disclose all evidence they may present, separately identifying witnesses they expect to
6  present and documents they expect to offer. Fed. R. Civ. P. 26(a)(3). Under the court's Case
7  Management Order, the parties in this case were required to disclose all of this information
8  by January 28, 2005. (Doc. #18 at 2.) Plaintiffs violated one or both of the provisions of
9  Fed. R. Civ. P. 26(a) with respect to each of the exhibits Complete Skycap moved to strike.
10 Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that a party may not
11 use as evidence on a motion any witnesses or exhibits it failed to disclose under Rule 26(a)
12 without substantial justification unless the failure to disclose was harmless. Fed. R. Civ. P.
13 37(c)(1). In this case preclusion of the challenged exhibits is clearly an appropriate and
14 necessary sanction. In light of Plaintiffs' earlier failure to meet court-ordered
15 responsibilities, the court previously warned Plaintiffs both in open court and in its written
16 orders of its intent to enforce deadlines and the certainty of consequences if future deadlines
17 were not met. Notwithstanding these warnings Plaintiffs continue to flout both the Rules of
18 Civil Procedure and the court's orders. There is no substantial justification for Plaintiffs
19 failure to disclose friendly witnesses by the discovery deadline, and there is no doubt that
20 Complete Skycap was prejudiced by having to file a dispositive motion without an
21 opportunity to consider what evidence Plaintiffs were likely to present.
22 The court will grant the motion to strike, but it notes that Plaintiff is not prejudiced
23 because summary judgment would be warranted for Complete Skycap even if the challenged
24 exhibits were considered.

## IV. Motion for Summary Judgment

### A. Legal Standard

Summary judgment will be granted if the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat a motion for summary judgment, the nonmoving party must show that there are genuine issues of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A material fact is one that might affect the outcome of the suit under the governing law. *Id.* at 248. A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a summary judgment motion the court views the facts in the light most favorable to the nonmoving party and draws any reasonable inferences in the nonmoving party's favor. *Warren v. City of Carlsbad*, 58 F.3d 439, 443 (9th Cir. 1995). However, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The court determines whether there is a genuine issue for trial but does not weigh the evidence or determine the truth of the matters asserted. *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994).

### B. Discussion

Plaintiffs' Response to the motion for summary judgment largely fails to refer to any specific facts set forth in the record that would demonstrate that there is a genuine issue of material fact for trial. Their memorandum makes numerous factual assertions unsupported by citations to evidence, and their statement of facts includes citations to evidence that for the most part does not support their factual assertions. "A party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda." *S.A. Empresa v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982). To the extent that there may be evidence somewhere in Plaintiffs' submissions that would create a genuine issue

of material fact, the court is not required to scour the record to find it. *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028-29 (9th Cir. 2001); *Forsberg v. Pacific N.W. Bell Tel. Co.*, 840 F.2d 1409, 1417-18 (9th Cir. 1988). Thus, where Complete Skycap refers to evidence that supports a factual assertion and Plaintiffs fail to cite to any contrary evidence, the court will conclude that there is no genuine issue as to that fact.

### 1. Railway Labor Act Claim

Plaintiffs allege that Complete Skycap violated the Railway Labor Act ("RLA"), 45 U.S.C. § 152, by terminating them in retaliation for complaining about tip pooling, wages, and other terms and conditions of employment. (First Am. Compl. ¶ 29.) Defendants correctly point out that the RLA does not provide a private cause of action for employees who complain about retaliatory conduct based on employee activities which bear no relationship to establishing a union or employer activities that bear no relationship to undermining a union. *See Herring v. Delta Air Lines, Inc.*, 894 F.2d 1020, 1023 (9th Cir. 1990).

Plaintiffs have not alleged that their complaints had anything to do with establishing a union, and they expressly waived their RLA retaliation claim in their Response to the motion for summary judgment (doc. #55 at 9). Accordingly, Complete Skycap is entitled to summary judgment on this claim.

### 2. Fair Labor Standards Act Retaliatory Termination Claim

Plaintiffs also allege that their termination violated the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3). (First Am. Compl. ¶ 29.) That section provides that it is unlawful:

> [T]o discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).

1  Complete Skycap argues that it is entitled to summary judgment on this claim because Plaintiffs did not engage in any activity protected under § 215(a)(3). The statute protects employees who file complaints with their employers as well as employees who file complaints in court or with the Department of Labor. *Lambert v. Ackerly*, 180 F.3d 997, 1003 (9th Cir. 1999) (en banc). Although complaints made to employers are protected, they must relate to an alleged violation of the FLSA and must actually be communicated to the employer. *See id.* at 1007-08. "[N]ot all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of § 215(a)(3)." *Id.* at 1007. However, "so long as an employee communicates the substance of his allegations to the employer (e.g., that the employer has failed to pay adequate overtime, or has failed to pay the minimum wage), he is protected by § 215(a)(3)." *Id.* at 1008.

Plaintiffs have not presented any evidence that they engaged in any activity that would qualify as filing a complaint within the meaning of the statute. Their Response contains numerous factual assertions that do not cite to any evidence in the record. Those assertions that do cite to evidence allege, at best, that Plaintiffs complained "about money matters" to supervisors and filed complaints with various agencies following their termination. These facts, taken in the light most favorable to Plaintiffs are insufficient to create a genuine issue of material fact as there is no evidence that Plaintiffs complained of violations of the FLSA to their employer or anyone other proper party prior to their termination. Accordingly, Complete Skycap is entitled to summary judgment on this claim.

### 3.   Arizona Employment Protection Act Claim

Plaintiffs allege that Complete Skycap violated the Arizona Employment Protection Act ("EPA"), A.R.S. § 23-1501, by terminating them in violation of state law or public policy (First Am. Compl. ¶ 23-24.). Specifically, they allege that they were terminated in retaliation for: (1) exercising their rights to be free from the extortion of fees or gratuities as a condition of employment as protected by A.R.S. § 23-202; (2) exercising their rights to be free from coercion to purchase goods or supplies from any particular person as a condition of

- 7 -

employment as protected by A.R.S. § 23-203; and (3) complaining about Complete Skycap's alleged violation of A.R.S. § 23-351 in failing to pay Plaintiffs twice a month. Plaintiffs' wrongful termination claims fail despite their strident arguments that Defendants violated the rights protected by the statutes mentioned above because they have not presented evidence that they were terminated in retaliation for exercising those rights.

The EPA restricts an employee's ability to assert a claim for wrongful termination to a limited number of specifically enumerated circumstances. *See Cronin v. Sheldon*, 195 Ariz. 531, 535, 991 P.2d 231, 235 (Ariz. 1999) ("With the 1996 passage of the EPA, the legislature limited plaintiffs to three avenues of relief for claims asserted against employers on the theory of wrongful discharge. The EPA permits such claims if: (a) the discharge was in violation of an employment contract, (b) the discharge violated a statute of this state, or (c) the discharge was in retaliation for the employee's assertion of certain rights protected by state law.").

A.R.S. § 23-1501(3)(c)(viii) authorizes a claim for wrongful termination where "[t]he employer has terminated the employment relationship of an employee in retaliation for . . . [t]he exercise of the right to be free from the extortion of fees or gratuities as a condition of employment as protected by § 23-202." Plaintiffs argue that they were subject to extortion because they were required to share their tips in a tip pool with other employees. The court does not construe the employee tip pooling shown on this record as "extortion of fees or gratuities" within the prohibition of § 23-202. Even if it were, Plaintiffs have not presented any evidence that they exercised any right to be free from the alleged extortion. Rather, they admit that they never refused to participate in the tip pool. (DSOF ¶ 55); (PSOF at 1.) Accordingly, Complete Skycap is entitled to summary judgment on this claim.

A.R.S. § 23-1501(3)(c)(ix) authorizes a claim for wrongful termination where "[t]he employer has terminated the employment relationship of an employee in retaliation for . . . [t]he exercise of the right to be free from coercion to purchase goods or supplies from any particular person as a condition of employment as protected by A.R.S. § 23-203." Plaintiffs

- 8 -

argue that they were subject to coercion because they were required to buy uniforms at John's Uniform Store and to attend monthly meetings where goods and services were offered for sale. The record shows that the employees were provided one free uniform which they picked up from a specific vendor and they were responsible for buying their own replacements, which had to be the same color. This does not violate A.R.S. § 23-203. If it did, Plaintiffs have not presented any evidence that they exercised their rights to be free from such coercion. Accordingly, Complete Skycap is entitled to summary judgment on this claim.

A.R.S. § 23-1501(3)(c)(ii) authorizes a claim for wrongful termination where:

> [t]he employer has terminated the employment relationship of an employee in retaliation for . . . [t]he disclosure by the employee in a reasonable manner that the employee has information or a reasonable belief that the employer, or an employee of the employer, has violated, is violating or will violate the Constitution of Arizona or the statutes of this state to either the employer or a representative of the employer who the employee reasonably believes is in a managerial or supervisory position and has the authority to investigate the information provided by the employee and to take action to prevent further violations of the Constitution of Arizona or statutes of this state or an employee of a public body or political subdivision of this state or any agency of a public body or political subdivision.

Plaintiffs argue that Complete Skycap violated this provision by terminating them in retaliation for complaints they made to supervisors Danny Ranger and Charles Flemmons alleging that they were not paid twice a month as required by A.R.S. § 23-351. They do not, however, provide any evidence that they believed, reasonably or otherwise, that Ranger or Flemmons had "the authority to investigate the information . . . and to take action" as is necessary to prevail on a claim under § 23-1501(3)(c)(ii). By contrast, Complete Skycap has presented uncontroverted evidence that it was commonly known that only James Fontenet had the authority to investigate payroll complaints or take action to change the payroll policy. (DSOF ¶ 59.) Even if their complaints about the frequency of their pay were protected under § 1501(3)(c)(ii), however, Plaintiffs have not presented any evidence from which a reasonable jury could find that these complaints were a substantial motivating factor in their terminations. Accordingly, Complete Skycap is entitled to summary judgment on this claim.

- 9 -

1  *See Murcott v. Best Western Int'l, Inc.*, 198 Ariz. 349, 360, 9 P.3d 1088, 1099 (Ariz. Ct. App. 2000); *Kelley v. City of Mesa*, 873 F. Supp. 320, 328 (D. Ariz. 1994).

### 4. Fair Labor Standards Act Overtime Claim

Plaintiffs allege that Complete Skycap violated the FLSA's overtime provision, 29 U.S.C. § 207(a), by failing to pay them one and a half times their regular hourly wage for overtime hours. (Compl. ¶ 27.) Complete Skycap argues that it is exempt from the FLSA's overtime requirements under 29 U.S.C. § 213(b)(3), which specifically exempts "any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act." (Doc. #51 at 16.)

Whether a non-airline falls within the definition of a carrier by air subject to the RLA depends on (1) whether the nature of the work is that traditionally performed by employees of air carriers and (2) whether the employer is directly or indirectly owned or controlled by, or under common control with an air carrier or carriers. *See Dist. 6, Int'l Union of Indus. v. Nat'l Mediation Bd.*, 139 F. Supp.2d 557, 561 (S.D.N.Y. 2001) (holding that an airline catering company was a carrier for purposes of the RLA). Plaintiffs allege in their Complaint that Complete Skycap employees perform functions which have been traditionally performed by airline employees and that airline carriers exercise control over Complete Skycap's Sky Harbor operations. (First Am. Compl. ¶ 3.) Additionally, Complete Skycap has presented evidence that the National Mediation Board concluded that Complete Skycap's employees are subject to the RLA after determining that "CSSI employees perform functions which have traditionally been performed by airline employees," and that "the carriers exercise substantial control over CSSI's Sky Harbor operations." (DSOF ¶¶ 60 & 62); *see also Verrett v. SABRE Group, Inc.*, 70 F. Supp.2d 1277 (N.D. Okla. 1999) (relying on National Mediation Board decisions to determine whether an entity is a carrier subject to the RLA).

Plaintiffs apparently concede that they are subject to the provisions of title II of the RLA and are therefore exempted from the protections of FLSA's overtime provision, yet they argue "based on justice and common sense" that they "should not be subject to the RLA" and

they should prevail on their FLSA overtime claim "regardless of whether FLSA specifically exempts [Complete Skycap] from overtime requirements." (Doc. #55 at 21.) The court, however, will follow the law enacted by Congress and grant summary judgment for Complete Skycap on this claim.

### 5. Fair Labor Standards Act Minimum Wage Claim

Plaintiffs allege that Complete Skycap violated FLSA's minimum wage provision, 29 U.S.C. § 206, by paying them a wage of only $2.13 per hour plus tips. They contend that Complete Skycap is not entitled to rely on 29 U.S.C. § 203(m), which permits employers to pay less than minimum wage to employees who receive tips, because they were not allowed to retain all of the tips they received, they did not receive proper notice that tips would be pooled, and Complete Skycap allowed certain individuals to improperly participate in the tip pool.

As an initial matter, it is not improper to require employees to participate in a tip pool. *See* 29 U.S.C. § 203(m) ("[T]his subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."). Additionally, it is undisputed that Complete Skycap explained to Plaintiffs that they would receive $2.13 per hour, the remainder of their pay would be in tips, and they would work under a tip-pooling program. (DSOF ¶ 8-9); (PSOF at 1). This explanation is sufficient to satisfy the notice requirement of § 209(m), which merely requires employees to have "been informed by the employer of the provisions of this subsection" and has been interpreted to require only that "an employer must inform its employees of its intention to take a tip credit toward the employer's minimum wage obligation." *Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294, 298 (6th Cir. 1998). Finally, Plaintiffs provide no evidence to support their contention that the tip pool included individuals who did not "customarily and regularly receive tips." Accordingly, Complete Skycap is entitled to summary judgment on this claim.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (doc. #51) is granted.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Evidence Plaintiffs Failed to Disclose Under Fed. R. Civ. P. 26(a) (doc. #67), is granted.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Continue Discovery Deadlines of January 28, 2005 As Set Forth in the Case Management Order Dated September 10, 2004 (doc. #72) is denied.

IT IS FURTHER ORDERED that the Clerk shall enter judgment against Plaintiffs that they take nothing and shall terminate this case.

DATED this 16th day of June, 2005.

_____
Neil V. Wake
United States District Judge