Sec. 2-8.9. Living Wage Ordinance for County service contracts and County employees.
*Definitions.*
(A) *Applicable department* means the County department using the service contract.
(B) *County* means the government of Miami-Dade County or the Public Health Trust.
(C) *Covered employee* means anyone employed by any Service Contractor, as further defined in this Chapter either full or part time, as an employee with or without benefits that is involved in providing service pursuant to the Service Contractor's contract with the County.
(D) *Covered employer* means any and all service contractors and subcontractors of service contractors.
(E) *Service contractor* is any individual, business entity, corporation (whether for profit or not for profit), partnership, limited liability company, joint venture, or similar business that is conducting business in Miami-Dade County or any immediately adjoining county and meets the following criteria:
(1)   The service contractor is paid in whole or part from one (1) or more of the County's general fund, capital project funds, special revenue funds, or any other funds either directly or indirectly, whether by competitive bid process, informal bids, requests for proposals, some form of solicitation, negotiation, or agreement, or any other decision to enter into a contract;
(2)   The service contractor is engaged in the business of, or part of, a contract to provide, a subcontractor to provide, or similarly situated to provide, covered services, either directly or indirectly for the benefit of the County; or
(3)   The service contractor is a General Aeronautical Service Permittee (GASP) or otherwise provides any of the Covered Services as defined herein at any Miami-Dade County Aviation Department facility including Miami International Airport pursuant to a permit, lease agreement or otherwise.
(F) *Covered services* are any one (1) of the following:
(1) *County service contracts.* Contracts awarded by the County that involve a total contract value of over $100,000 per year for the following services:
(i)   Food preparation and/or distribution;
(ii)   Security services;
(iii)   Routine maintenance services such as custodial, cleaning, refuse removal, repair, refinishing, and recycling;
(iv)   Clerical or other non-supervisory office work, whether temporary or permanent;
(v)   Transportation and parking services including airport and seaport services;
(vi)   Printing and reproduction services; and,
(vii)   Landscaping, lawn, and/or agricultural services.
(2) *Service Contractors at Aviation Department Facilities.* Any service that is provided by a Service Contractor at a Miami-Dade County Aviation Department Facility is a covered service without reference to any contract value:
(A)   Ramp Service: Guiding aircraft in and out of Airport; aircraft loading and unloading positions, designated by the Aviation Department; placing in position and operating passenger, baggage and cargo loading and unloading devices, as required for the safe and efficient loading and unloading of passengers, baggage and cargo to and from aircraft; performing such loading and unloading; providing aircraft utility services, such as air start and cabin air; fueling; catering; towing aircraft; cleaning of aircraft; delivering cargo, baggage and mail to and from aircraft to and from locations at any Miami-Dade County Aviation Department facility; and providing such other ramp services approved in writing by the Aviation Department;

xxx



(B) Porter Assistance Services: Handling and transportation through the use of porters, or other means, of baggage and other articles of the passengers of contracting air carriers or aircraft operators, upon request of the passenger, in public access areas of the Airport Terminal Complex. The Living Wage shall not apply to employees performing tip-related porter assistance services, including curbside check-in;
(C) Passenger Services: Preparing such clearance documents for the baggage and cargo of aircraft passengers, as may be required by all governmental agencies; furnishing linguists for the assistance of foreign-speaking passengers; passenger information assistance; arranging in-flight meals for departing aircraft with persons or companies authorized by the Department to provide such meals; and providing assistance to handicapped passengers;
(D) Dispatching and Communications Services: Providing ground to aircraft radio communication service; issuing flight clearances; sending and receiving standard arrival, departure and flight plan messages with appropriate distribution of received messages; providing standby radio flight watch for aircraft in flight; and calculation of fuel loads and take-off and landing weights for aircraft;
(E) Meteorological Navigation Services: Providing information based on the analysis and interpretation of weather charts; planning aircraft flights in accordance with the latest accepted techniques; providing appropriate prognostic weather charts; and generally providing information appropriate for enroute aerial navigation;
(F) Ticket Counter and Operations Space Service: The operation of ticket counter and airlines' operations space; ticket checking, sales and processing; weighing of baggage; operation of an information, general traffic operations and communications office for air carriers and aircraft operators with whom the Service Contractor has contracted to supply such services;
(G) Janitorial Services;
(H) Delayed Baggage Services;
(I) Security Services unless provided by federal government or pursuant to a federal government contract; and,
(J) Any other type of service that a GASP permittee is authorized to perform at any Miami-Dade County Aviation Department Facility will be considered a Covered Service, regardless of whether the service is performed by a GASP permittee or other Service Contractor.
(K) In-warehouse cargo handling.
(3) *Services performed by county employees.* Should any services that are being performed by County employees at the time the ordinance from which this section derives was enacted be solicited in the future by the County to be performed by a service contractor, such services shall be covered services subject to this section regardless of the value of the contract.
*Living wage.*
(A) *Living wage paid.*
(1) *Service contractors.* All service contractors as defined by this Chapter, including MIA General Aeronautical Service Permittees (subject to restrictions if any applicable to such permit), performing covered services with Miami-Dade County shall pay to all of its employees providing covered services, a living wage of no less than $8.56 per hour with a health benefit plan as described in this section, or otherwise $9.81 per hour, or the current rate for the given year in the manner provided for herein for the adjustment of the Living Wage rate.
(2) *County employees.* For County employees under the County pay plan, the County will begin to pay a living wage consistent with the goals of this section on a phase-in basis beginning in the 2000-2001 County budget year increasing on an annual basis incrementally so that the

living wage is fully implemented for County employees in the 2002-2003 County budget year as adjusted for inflation pursuant to Subsection (C) below. Thereafter, the Living Wage to be paid by the County to its employees shall not be subject to the annual indexing required under Subsection (C) below and instead is subject to negotiation within the collective bargaining structure.

(B) *Health Benefit Plan.*

(1) For a covered employer or the County to comply with the living wage provision by choosing to pay the lower wage scale available when a covered employer also provides a Health Benefit Plan, such Health Benefit Plan shall consist of payment of at least $1.25 per hour towards the provision of a Health Benefit Plan for employees and, if applicable, their dependents. The minimum amount of payment by a Service Contractor for the provision of a Health Benefit Plan on a per-hour basis will be calculated based on amaximum of a 40-hour work week. Overtime hours will not require additional payments towards the provision of a Health Benefit Plan. If the Service Contractor pays less than the required amount for providing a Health Benefit Plan provided in this Section, then the Service Contractor may comply with the Living Wage requirements by paying the difference between the premium it pays for the Health Benefit Plan of the Covered Employee and the minimum amount required by this section for a qualifying Health BenefitPlan. The Service Contractor may require that all employees enroll in a Health Benefit Plan offered by the Service Contractor, provided that the employee is not required to pay a premium contribution for employee-only coverage. Proof of the provision of a Health Benefit Plan must be submitted to the awarding authority to qualify for the wage rate for employees with a Health Benefits Plan. Health Benefit Plan for purposes of complying with this section shall qualify if it includes the benefits contained ina standard health benefit plan meeting the requirements set forth in § 627.6699(12)(a) Florida Statutes.

(2) To the extent a Covered Employer seeks to pay the lower Living Wage rate for employers providing a qualifying Health Benefit Plan during the initial eligibility period applicable to new employees, the Living Wage requirement may be complied with as follows during the eligibility period:

(a) Provided the Covered Employer will be providing a qualifying Health Benefit Plan to a new employee upon the completion of such employee's eligibility period required under the Covered Employer's Health Benefit Plan and the Covered Employer has taken the necessary steps to effectuate coverage for such employee, a Covered Employer may only qualify to pay the Living Wage rate applicable to employees with a Health Benefit Plan for a term not to exceed the first ninety (90) days of the new initial employee's eligibility period, said term commencing on the employee's date of hire.

(b) If the Covered Employee is not provided with a qualifying Health Benefit Plan within ninety (90) days of initial hire, then the Covered Employer commencing on the ninety first (91st) day of the new employee's initial eligibility period, must commence to pay the applicable Living Wage rate for Covered Employees without a Health Benefit Plan and must retroactively pay the Covered Employee the difference between the two Living Wage rates for the term of the eligibility period.

(C) *Indexing.* The living wage will be annually indexed to inflation as defined by the Consumer Price Index calculated by the U.S. Department of Commerce as applied to the County of Miami-Dade. The first indexing adjustment shall occur for the 2001-2002 County budget year using the Consumer Price Index figures provided for the calendar year ended December 31, 2000, and thereafter on an annual basis.

(D) *Certification required before payment.* Any and all contracts for covered services shall be void, and no funds may be released, unless prior to entering any agreement with the County for a service contract, the Covered Employer certifies to the applicable department that it will pay each of its employees no less than the Living Wage described in (A). A copy of this certificate must be made available to the public upon request. The certificate, at a minimum, must include the following:
(1) The name, address, and phone number of the employer, a local contact person, and the specific project for which the service contract is sought;
(2) The amount of the contract and the applicable department the contract will serve;
(3) A brief description of the project or service provided;
(4) A statement of the wage levels for all employees; and
(5) A commitment to pay all employees a Living Wage, as defined by paragraph (A).
(E) *Observance of other laws.* Every employee shall be paid not less than bi-weekly, and without subsequent deduction or rebate on any account (except as such payroll deductions as are directed or permitted by law or by a collective bargaining agreement). The employer shall pay employees wage rates in accordance with federal and all other applicable laws such as overtime and similar wage laws.
(F) *Posting.* A copy of the Living Wage rate shall be kept posted by the employer at the site of the work in a prominent place where it can easily be seen by the employees and shall be supplied to the employee within a reasonable time after a request to do so. In addition, service contractors shall forward a copy of the requirements of this section to any person submitting a bid for a subcontract on any service contract covered by this Chapter. Posting requirements will not be required where the employer prints the following statements on the front of the individual's first paycheck and every six (6) months thereafter: "You are required by Miami-Dade County law to be paid at least [insert applicable rate under this Chapter] dollars an hour. If you are not paid this hourly rate, contact your supervisor or a lawyer." All notices will be printed in English, Spanish, and Creole.
(G) *Collective bargaining.* Nothing in this Chapter shall be read to require or authorize any employer to reduce wages set by a collective bargaining agreement or as required under any prevailing wage law.
*Implementation.*
(A) *Procurement specifications.* The living wage shall be required in the procurement specifications for all County service contracts for covered services on which bids or proposals shall be solicited on or after the effective date of this section. The procurement specifications for applicable contracts shall include a requirement that service contractors agree to produce all documents and records relating to payroll and compliance with this section upon request from the applicable department or as otherwise provided by the County Managerby Administrative Order.
(B) *Information distributed.* All requests for bids or requests for proposals for service contracts, whether advertised or informally solicited, shall include appropriate information about the requirements of this section.
(C) *Maintenance of payroll records.* Each covered employer shall maintain payrolls for all covered employees and basic records relating thereto and shall preserve them for a period of three (3) years. The records shall contain:
(1) The name and address of each covered employee;
(2) The job title and classification;

(3) The number of hours worked each day;
(4) The gross wages earned and deductions made;
(5) Annual wages paid;
(6) A copy of the social security returns and evidence of payment thereof;
(7) A record of fringe benefit payments including contributions to approved plans; and
(8) Any other data or information the Living Wage Commission should require from time to time.

(D) *Reporting payroll.* Every six (6) months, the covered employer shall file with the applicable department a complete payroll showing the employer's payroll records for each covered employee working on the contract(s) for covered services for one (1) payroll period. Upon request, the covered employer shall produce for inspection and copying its payroll records for any or all of its covered employees for the prior three (3) year period. It shall be the responsibility of the applicable department to examine all payrolls for compliance within sixty (60) days of receipt.

(E) *Reporting employment activity.* Every six (6) months, the covered employer will file with the applicable department reports of employment activities to be made publicly available, including:
(1) Race and gender of employees hired and terminated;
(2) Zip code of employees hired and terminated; and
(3) Wage rate of employees hired and terminated.

*Commission on a Living Wage, establishment and responsibility.*

(A) *Establishment.* The County Commission shall establish a fifteen (15) person commission entitled the "Living Wage Commission" the purpose of which shall be to review the effectiveness of this Chapter, review certifications submitted by covered employers to the County, review complaints filed by employees and to make recommendations to the County Mayor and the County Commission regarding the above listed matters.

(B) *Members.* The Commission shall be composed of fifteen (15) members provided that no more than six (6) members are representatives of the business community or affected employer groups selected for a term of two (2) years in the following manner:
(1) Two (2) members of the commission shall be selected by the County Mayor; and
(2) One (1) member shall be selected by each of the County Commissioners.

(C) *Meetings.* The Living Wage Commission shall meet quarterly and in special session as required. All meetings of the Living Wage Commission shall be open to the public and will allow for public testimony on policies or conduct relating to this Chapter.

(D) *Staff support.* The County Manager as more fully delineated by Administrative Order shall provide staff support for the compliance and enforcement of this section and as is necessary to support the activities of the Living Wage Commission.

*Compliance and enforcement.*

(A) *Service contractor to cooperate.* The service contractor shall permit County employees, agents, or representatives to observe work being performed at, in, or on the project or matter for which the service contractor has a contract. The County representatives may examine the books and records of the service contractor relating to employment and payroll to determine if the service contractor is in compliance with the provisions of this Chapter.

(B) *Complaint procedures and sanctions.* An employee who believes that this Chapter applies or applied to him or her and the service contractor is or was not complying with the requirements of this Chapter has a right to complain by filing a written complaint. The County Manager shall

establish by Administrative Order the procedures and requirements for filing a complaint and for the processing and resolution of complaints under this section including the sanctions to be imposed for violations of this section. The County Manager shall also by Administrative Order establish a procedure applicable to complaints by County employees regarding noncompliance with this section.

(C) *Private right of action against service contractors.* Any covered employee of a service contractor, or any person who was formerly a covered employee of a service contractor, may instead of the County administrative procedure set forth in this section but not in addition to such procedure, bring an action by filing suit against the covered employer in any court of competent jurisdiction to enforce the provisions of this Chapter and may be awarded back pay, benefits, attorney's fees, and costs. The applicable statute of limitations for such a claim will be two(2) years as provided in Florida Statutes Section 95.11(4)(c) in an action for payment of wages. The court may also impose sanctions on the employer, including those persons or entities aiding or abetting the employer, to include wage restitution to the affected employee and damages payable to the covered employee in the sum of up to five hundred dollars ($500.00) for each week each employer is found to have violated this Chapter.

(D) *Sanctions against service contractors.* For violations of this Ordinance as determined pursuant to the procedures set forth by Administrative Order, the County may sanction a service contractor for violations of this section by requiring the service contractor to pay wage restitution to the affected employee. The County may also sanction the service contractor in at least one (1) of the following additional ways:

(1) Damages payable to the County in the sum of up to five hundred dollars ($500.00) for each week for each covered employee found to have not been paid in accordance with this Chapter;
(2) The County may suspend or terminate payment under the contract or terminate the contract with the service contractor;
(3) The County may declare the covered employer ineligible for future service contracts for three (3) years or until all penalties and restitution have been paid in full, whichever is longer. In addition all employers shall be ineligible under this section where principal officers of the employer were principal officers of an employer who has been declared ineligible under this Chapter; and
(4) All such sanctions recommended or imposed shall be a matter of public record.
(5) A Service Contractor who fails to respond to a notice of noncompliance, fails to attend a Compliance Meeting, or who does not timely request an administrative hearing from an adverse compliance determination made by DBD after a Compliance Meeting shall be deemed not to have complied with the requirements of this section as stated in the notice or determination of non-compliance and, in the case of underpayment of the Living Wage required, an amount sufficient to pay any underpayment shall be withheld from contract proceeds and remitted to the employee and the Service Contractor may be fined the applicable penalty for such underpayment as follows. In the case of underpayment of the required Living Wage rate, the amount equal to the amount of such underpayment may be withheld from the Service Contractor and remitted to the employee and in addition, the Service Contractor may also be fined for such noncompliance as follows:
(A) for the first underpayment, a penalty in an amount equal to 10% of the amount
(B) for the second underpayment, a penalty in an amount equal to 20% thereof;
(C) for the third and successive underpayments, a penalty in an amount equal to 30% thereof.

(D)  A fourth violation, shall constitute a default of the subject contract and may be cause for suspension or termination in accordance with the contract's terms and debarment in accordance with the debarment procedures of the County. Monies received from payment of penalties imposed hereunder shall be deposited in a separate account and shall be utilized solely to defray DBD's costs of administering the Living Wage provisions. If the required payment is not made within a reasonable period of time, the noncomplying Service Contractor and the principal owners thereof shall be prohibited from bidding on or otherwise participating in County Living Wage contracts for a period of three (3) years.

(E)  *Retaliation and discrimination barred.*  An employer shall not discharge, reduce the compensation or otherwise discriminate against any employee for making a complaint to the Living Wage Commission, the applicable department, the County, or otherwise asserting his or her rights under this Chapter, participating in any of its proceedings or using any civil remedies to enforce his or her rights under the Chapter. Allegations of retaliation or discrimination, if found by the County Manager pursuant to procedures set forth by Administrative Order or by a court of competent jurisdiction under paragraph (C), shall result in an order of restitution and reinstatement of a discharged employee with back pay to the date of the violation or such other relief as deemed appropriate. In addition, the County Manager or the Court may impose an additional sanction of up to five hundred dollars ($500.00) for each week since the covered employee was discharged as a result of prohibited retaliation under this Chapter.

(F)  *Remedies herein non-exclusive.*  No remedy set forth in this Chapter is intended to be exclusive or a prerequisite for asserting a claim for relief to enforce the right under this Chapter in a court of law.

(Ord. No. 99-44, § 5-11-99; Ord. No. 00-85, § 1, 7-6-00; Ord. No. 02-147, § 1, 9-12-02; Ord. No. 06-67, § 1, 5-9-06; Ord. No. 06-151, § 1, 10-10-06)