UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-22738-CIV-MORENO

JASON A. PELLON, *et al.*,

    Plaintiffs,

vs.

BUSINESS REPRESENTATION INTERNATIONAL, INC. and JOSEPH C. LORENZO,

    Defendants.

_____/

### ORDER DENYING MOTION TO STRIKE DECLARATION

THIS CAUSE came before the Court upon Plaintiffs' Motion to Strike Declaration of Sherman A. Lovett in Support of Defendants' Motion for Summary Judgment Filed on 7/24/07 **(D.E. No. 116)**, filed on **September 20, 2007**.

In this suit, various members of the "skycap"[1] vocation working at Miami International Airport allege federal minimum wage violations by their employers, Business Representation International, Inc. ("BRI") and Joseph C. Lorenzo. In particular, Plaintiffs argue that BRI has claimed invalid tip credit under the Fair Labor Standards Act; Plaintiffs seek damages, including back pay, as a result.

Defendants filed a Motion for Summary Judgment (D.E. No. 86) on Plaintiffs' claims on July 24, 2007. In support of their Motion, Defendants filed the Declaration of Sherman A. Lovett (D.E. No. 92). Therein Defendants highlighted Lovett's professional experience to support his expert

---

[1] The primary duties of a skycap include meeting airline travelers at the curb and assisting them with their luggage.

designation, namely 17 years combined professional experience skycapping and supervising skycaps at various airports. As Defendants note, experts can testify on a wide variety of topics, including customs and practices in certain industries. See U.S. v. Frazier, 387 F.3d 1244, 1298 - 1300 (11th Cir. 2004) (providing an extensive analysis of permissible types of experts).

Plaintiffs argue in their Motion to Strike that Lovett is not an expert and that his testimony should be stricken. While Plaintiffs discuss at length Federal Rules of Evidence 701 and 702 pertaining to the permissible bounds of witness testimony, they offer no reasonable explanation for their assertion that Lovett is not an expert. Most notably, they do not challenge his credentials, instead choosing to rely solely on the "retained or specially employed" provision of Federal Rule of Civil Procedure 26. Plaintiffs have misinterpreted this provision to mean that only witnesses retained or specially employed by a party can provide expert testimony. This is not the case.

Under Federal Rule of Civil Procedure 26(a)(2)(A), a party must disclose the identity of anyone who may serve as an expert witness. In addition, when a witness is "retained or specially employed" to provide expert testimony, or when a witness is an employee of a party whose regular duties include providing expert testimony, the party must submit a report that is prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). However, Rule 26(a)(2)(B) necessarily anticipates that some experts will fall outside of the requirement for submitting a written and signed report. A treating physician, for example, can be deposed or called to testify at trial as an expert without any requirement for a written report. Fed. R. Civ. P. 26, advisory committee's note (1993).

As demonstrated by the letter attached to Plaintiffs' Motion to Strike (D.E. 116, Ex. A) and Plaintiffs' own arguments in their Motion and Response, Lovett is not an expert witness retained or specially employed to provide expert testimony. Moreover, according to Defendants' counsel (and

uncontroverted by Plaintiffs' counsel), this case marks the first instance in which Lovett will testify as an expert witness for BRI. Therefore, Lovett's duties as an employee of BRI cannot possibly include regularly giving expert testimony. Because Lovett was designated as an expert witness and does not fall within one of the Subsection B categories, he can serve as an expert without submitting a report much like a treating physician could.

Finally, Plaintiffs inappropriately filed this Motion to Strike 93 days after Lovett was designated as an expert witness, 57 days after Defendants filed the Lovett Declaration, and 51 days after Plaintiffs responded to Defendants' Motion for Summary Judgment. Federal Rule of Civil Procedure 12(f) requires that a motion to strike be filed before responding to the relevant pleading or within 20 days if no response is required. Plaintiffs fail on both counts. For the foregoing reasons, it is

ADJUDGED that Plaintiffs' Motion to Strike is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 11 day of October, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record