UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-22738-CIV-MORENO

JASON A. PELLON, *et al.*,

    Plaintiffs,

vs.

BUSINESS REPRESENTATION INTERNATIONAL, INC. and JOSEPH C. LORENZO,

    Defendants.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO STRIKE

THIS CAUSE came before the Court upon Defendants' Motion to Strike Plaintiffs' Joint Affidavit Filed on October 25, 2007 **(D.E. No. 127)**, filed on **November 5, 2007**.

THE COURT has considered the motion, response, reply to the response and the pertinent portions of the record, and is otherwise fully advised in the premises.

### I.

The Court will address the issue of the 10 Day Notice once again for the benefit of the parties. When the Court states that it must "accept anything filed" within the time period set forth in a notice mandated by the Eleventh Circuit, this does not mean that every insufficient filing or irrelevant piece of evidence will automatically be admitted into the record. Instead, the Court will accept what is filed and assess its merit as with any other proper filing, rather than summarily dispose of it as improperly filed.

## II.

Federal Rule of Civil Procedure 56(e) states as follows: "Supporting and opposing affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence . . . ." Conclusory allegations without specific supporting facts have no probative value. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) (citing Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir.1985)). A party resisting summary judgment "must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial." Id. (internal citations omitted).

The Court rules that Paragraph 3 of the Joint Affidavit is merely a conclusory allegation with no supporting facts. Affiants submit a broad claim as truth and provide no specific factual support. In addition, the Court holds that Plaintiffs may not conjure up an issue of material fact regarding the existence of the FLSA poster in Business Representation International's workplace to help defeat summary judgment. Plaintiffs conceded the existence of the poster in their own Statement of Material Facts. (Pl.'s Statement of Material Facts, at ¶¶ 14-16.) Several of the plaintiffs also admitted to seeing the poster at the workplace in their sworn deposition testimony. See Van T. Junkins & Assocs. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.")

Furthermore, following the precedent of two different Circuit Court cases, Posey v. Skyline Corp. and English v. Pabst Brewing Co., the Court rules that Plaintiffs' Joint Affidavit statement that they "do not recall … seeing any poster displayed by Defendants that discussed the tip credit" does

not create a dispute of material fact in this case.  See 702 F.2d 102, 105-06 (7th Cir. 1983); 828 F.2d 1047, 1049-50 (4th Cir. 1987).  Both of those cases stand for the proposition that a person claiming in an affidavit that he did not see, or did not recall seeing, a poster or notice is not sufficient to rebut evidence that unequivocally states that the poster or notice was conspicuously displayed.  Judge Seitz held similarly in Thomas v. J.R. Eight, Inc.  See No. 01-1067-CIV-SEITZ (S.D. Fla. 2002) (D.E. No. 63).  In this case, the statements by multiple witnesses, including several of the plaintiffs themselves, that the tip credit poster was at all relevant times (and still is) posted in the control room next to the time clock where Plaintiffs punch in and out every single day, cannot be refuted by Plaintiffs' claims that they merely "do not recall" seeing any FLSA poster displayed.

     In light of the foregoing, Defendant's Motion to Strike is **GRANTED**.

     DONE AND ORDERED in Chambers at Miami, Florida, this 16 day of November, 2007.

                                                       FEDERICO A. MORENO
                                                       UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record